IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARTURO ANAYA,

    Petitioner,

v.                                                                No. 16-cv-0331 RJ/SMV

TIMOTHY HATCH and
ATTORNEY GENERAL OF THE STATE OF NEW MEXICO,

    Respondents.

## ORDER DENYING MOTION TO APPOINT COUNSEL

THIS MATTER is before the Court on Petitioner's untitled filing, requesting appointment of counsel [Doc. 12], filed on June 6, 2017. Petitioner requests that the Court appoint counsel "to argue a Direct Attack on this conviction, with newly discovered evidence that would have exonerated [him] from civil & criminal liability." [Doc. 12] at 1. Petitioner then cites some general propositions about intervening causes in tort and criminal law. *Id.* at 1–2.

There is no constitutional right to counsel in habeas proceedings. *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Instead, whether to appoint counsel is a matter left to the discretion of the court. *Swazo v. Wyo. Dep't of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994). In so deciding, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, the burden is on the petitioner "to convince the court that

there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted).

At this time, the Court is not convinced that there is sufficient merit or complexity in Petitioner's 28 U.S.C. § 2254 claims to warrant requesting the voluntary assistance of counsel. Moreover, thus far, Petitioner has been adequately presenting his claims. The interests of justice do not warrant granting Petitioner's request at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Petitioner's request for appointment of counsel [Doc. 12] is **DENIED**.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**