# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ARTURO ANAYA,**

    Petitioner,

v.                                                                   **No. 16-cv-0331 RJ/SMV**

**TIMOTHY HATCH and ATTORNEY GENERAL
OF THE STATE OF NEW MEXICO,**

    Respondents.

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before me on Petitioner Arturo Anaya's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed April 22, 2016. [Doc. 1]. Respondents filed an answer on July 17, 2017. [Doc. 19]. Anaya replied on July 27, 2017.[1] [Docs. 21, 22]. The Honorable Robert A. Junell, Senior United States District Judge, referred this matter to me for analysis and a recommended disposition. [Doc. 27]. Having considered the parties' submissions, the record, and the relevant law, and being otherwise fully advised in the premises, I find that Anaya has alleged both exhausted and unexhausted claims and I recommend that he be given the opportunity to withdraw the unexhausted claims and proceed with the exhausted claims.[2]

---

[1] Anaya has filed numerous other documents in support of his petition. *See* [Docs. 4, 6–7, 14–18]. I have reviewed all his submissions.

[2] Anaya has also filed a motion [Doc. 25] and second motion [Doc. 27] for a new trial. I will not recommend rulings on those motions at this time.

**Background**

On May 23, 2013, Anaya was convicted by a jury in the First Judicial District Court of New Mexico on two counts of murder in the first degree, one count of aggravated burglary, and two counts of intimidation of a witness. [Doc. 19-1] at 1–2. The charges stemmed from an altercation during which Anaya fatally shot two occupants of a trailer on his property following a dispute over rent. *See* [Doc. 19] at 2. Judgement was entered on June 17, 2013. [Doc. 19-1] at 1–7. He was sentenced to two terms of life imprisonment for the murder convictions and three years for each intimidation-of-a-witness conviction, to run consecutively.[3] *Id.* at 2–3.

Anaya, through counsel, appealed his conviction. [Doc. 19-1] at 9. He alleged five errors on appeal: (1) the trial judge's violation of Anaya's statutory right to peremptorily excuse his assigned judge; (2) ineffective assistance of counsel based on defense counsel's failure to timely excuse the assigned judge; (3) insufficiency of the evidence to sustain the conviction for aggravated burglary; (4) the trial judge's failure to give a jury instruction on self-defense; and (5) cumulative error. [Doc. 19-2] at 3–4; [Doc. 19-1] at 32–74 (Anaya's appellate brief-in-chief). Exercising jurisdiction pursuant to Rule 12-102(A)(1) NMRA,[4] the New Mexico Supreme Court affirmed his conviction on May 4, 2105. As to the ineffective-assistance claim, the Court found that only an evidentiary hearing in a post-conviction habeas proceeding would supply the requisite facts, if any, supporting the claim. [Doc. 19-2] at 8–9. As to the other four grounds, the Court ruled against Anaya on the merits. *See id.* at 23–40.

---

[3] Because his burglary conviction was used as a predicate for the State's felony murder theory, his sentence on that conviction was subsumed into the life imprisonment sentences. [Doc. 19-1] at 2–3.
[4] Rule 12-102(A)(1) provides that "appeals from the district courts in which a sentence of death or life imprisonment has been imposed" shall be taken to the New Mexico Supreme Court.

Proceeding pro se, Anaya filed a state habeas corpus petition on June 5, 2015. [Doc. 19-2] at 43–49. His petition was summarily dismissed by the district court on September 18, 2015. *Id.* at 62–64. The court construed his habeas petition as challenging the sufficiency of the evidence of his aggravated burglary conviction on the basis that his entry into the victims' trailer was lawful because he owned the property. *Id.* at 62. The court found that it was precluded from addressing that claim because it had already been raised and rejected by the Supreme Court on direct appeal. *Id.* The court found no fundamental error or lack of an adequate record that would permit the court to consider the claim. *Id.* at 62–63. While Anaya stated in the instant petition that he filed a writ of certiorari to the New Mexico Supreme Court, which was denied, it appears that he did not file any such petition.[5]

In the instant petition, filed on April 22, 2016, and in a number of additional supporting documents, Anaya raises several grounds for relief. He raises claims relating to the allegedly false testimony of the State's witnesses, including, most clearly, a claim for ineffective assistance of counsel on the basis of his counsel's failure to discredit the State's witnesses. [Doc. 1] at 5, 7; [Docs. 16–18]. He claims he is "innocent" and that his murder convictions should be overturned because he was not the initial aggressor in the altercation but instead was acting in self-defense. *E.g.*, [Doc. 4] at 1–2; [Doc. 21] at 1. He claims that he was not present unlawfully in the victims' trailer, effectively arguing there was not sufficient evidence to support his aggravated burglary conviction. [Doc. 21] at 1. Finally, he claims the trial judge erred in striking his

---

[5] *See* [Doc. 19-2] at 65–72 (docket sheet for criminal case, reflecting no writ of certiorari). Respondents add that that their telephonic inquiry to a state Supreme Court representative further reflected that no petition for writ of certiorari was filed. [Doc. 19] at 3.

3

peremptory excusal of the assigned judge, and, alternately, that his counsel's failure to timely excuse the assigned judge constituted ineffective assistance of counsel. [Doc. 22].

Respondents construe Anaya's petition as raising a single ground for relief: ineffective assistance of counsel for his counsel's failure to discredit the false testimony of the State's witnesses. [Doc. 19] at 4. Respondents contend that Anaya failed to exhaust this claim and request that his petition be denied on that ground. *Id.* at 5–8. In the alternative, they argue that Anaya fails to show that his counsel's representation was constitutionally inadequate. *Id.* at 8–12.

## Legal Standards

### Petitions Under 28 U.S.C. § 2254

A petition for habeas corpus under 28 U.S.C. § 2254 attacks the constitutionality of a state prisoner's conviction and continued detention. A federal court cannot grant habeas relief pursuant to § 2254(d) with respect to any claim adjudicated on the merits by a state court unless the petitioner's state court proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d). "Even if a state court resolves a claim in a summary fashion with little or no reasoning, [federal courts] owe deference to the state court's result." *Paine v. Massie*, 339 F.3d 1194, 1198 (10th Cir. 2003). This standard is "highly deferential" to state courts, and the Supreme Court has noted that it is "difficult to meet," as it requires federal courts to give state

court decisions the benefit of the doubt. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (citing *Harrington v. Richter*, 562 U.S. 86, 101 (2011); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)); *see also Black v. Workman*, 682 F.3d 880, 891 (10th Cir. 2012) ("[A] federal court in a § 2254 proceeding must be exquisitely deferential to the state court's resolution of the [petitioner's] claims.").

## The Exhaustion Requirement

Exhaustion of state court remedies is a "threshold barrier[]" to a petitioner seeking relief under § 2254. *Day v. McDonough*, 547 U.S. 198, 205 (2006). Pursuant to § 2254(b)(1), federal habeas relief is not available unless "it appears that[] the applicant has exhausted the remedies available in the courts of the State; or that there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." The petitioner bears the burden of showing that he has exhausted all available state remedies. *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009).

The exhaustion requirement is satisfied when the petitioner's federal claims have been "fairly present[ed]" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971). The state courts must be given "the opportunity to pass upon and correct alleged violations of [their] prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks omitted). Fair presentation requires that the federal claims be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994);

*see also Byrd v. Workman*, 645 F.3d 1159, 1164 n.7 (10th Cir. 2011) (noting that a state's highest court must be presented with a claim before exhaustion occurs).

Moreover, the "substance of a federal habeas corpus claim" must have been presented to the state courts to satisfy the exhaustion requirement. *Picard*, 404 U.S. at 278. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365. While a petitioner need not cite "book and verse" to the Constitution or any particular source of federal jurisprudence, it is insufficient for a petition to have *only* presented the state courts with the facts necessary to state a claim for relief. *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997); *see also Gray v. Netherland*, 518 U.S. 152, 162–63 (1996). A claim for relief must "include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Gray*, 518 U.S. at 162–63.

The exhaustion requirement should not "be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). It is "principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

### "Mixed" Petitions

Some § 2254 petitions are "mixed"; that is, they contain both exhausted and unexhausted claims. When confronted with a mixed petition, the court may not dispose of it in a "hybrid fashion" by dismissing the unexhausted claims and adjudicating the exhausted claims on the

merits. *Wood v. McCollum*, 833 F.3d 1272, 1274 (10th Cir. 2016). Instead, when a court is presented with a mixed petition, it may do one of four things:

> (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit.

*Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (internal citations omitted).

## Analysis

I find that Anaya has asserted a mix of exhausted and non-exhausted claims. Liberally construed, Anaya has alleged errors relating to the trial judge striking his peremptory excusal, ineffective assistance of counsel with respect to the peremptory excusal, and the sufficiency of the evidence of his unlawful presence in the victims' trailer. *See* [Docs. 21, 22]. Anaya presented these claims, through counsel, to the New Mexico Supreme Court on direct appeal. [Doc. 19-2] at 3–4. Because they were fairly presented to the highest state court in New Mexico, these claims are exhausted. *See Dever*, 36 F.3d at 1534. Anaya also asserts claims related to his alleged "innocence" based on the theory that he was acting out of self-defense. To the extent he alleges error stemming from the trial court's failure to give a jury instruction on self-defense, such claim is exhausted because it was presented to the Supreme Court on direct appeal. [Doc. 19-2] at 3–4.

Anaya's petition also, however, alleges additional claims beyond those exhausted through his direct appeal. He asserts errors relating to the false testimony of the State's witnesses, and he

7

alleges ineffective assistance of counsel based on his counsel's failure to discredit those witnesses. *See* [Doc. 1] at 5, 7. He also appears to allege errors relating to his claim of self-defense beyond the claim that he was improperly denied a jury instruction on self-defense. *See* [Docs. 4, 21]. Except as to the failure to provide a jury instruction on self-defense, as discussed above, Anaya did not raise these claims on direct appeal or in his state habeas petition. These claims were never fairly presented to the state courts and remain unexhausted. In short, the claims that were raised by his counsel on direct appeal are exhausted as to the instant § 2254 petition, and the claims that were not raised by his counsel on direct appeal are unexhausted.

Because Anaya has asserted a mix of exhausted and unexhausted claims, the Court may either (1) dismiss the petition entirely, (2) stay the petition while Anaya raises his unexhausted claims in state court, (3) permit Anaya to dismiss the unexhausted claims and proceed with the exhausted claims, or (4) ignore the exhaustion requirement and deny the petition on the merits if all of his claims are without merit. *See Fairchild*, 579 F.3d at 1156.

I find that a stay of the proceedings would not be appropriate in this case. A stay allowing a petitioner to return to state court to exhaust his previously unexhausted claims should be made available only where the petitioner can (1) show good cause for failing to present the claims before the state court in the first instance, and (2) show that his unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Nothing in the pleadings before the Court addresses what cause, if any, exists for the delay in bringing the unexhausted claims before the state courts. A stay thus would not be appropriate here. I likewise find that it would be ill-advised to ignore the exhaustion requirement and deny the unexhausted claims on

the merits if the claims lack merit. *See, e.g.*, *Corral v. N.M. Attorney Gen.*, 2017 WL 2265148, at *2–3 (D.N.M. Feb. 28, 2017) (unpublished) (discussing the principles underlying the exhaustion requirement).

While I could recommend that the petition be dismissed in its entirety to allow Anaya to assert his unexhausted claims in state court, in the interest of fairness I recommend that he be given the opportunity to withdraw the as-yet unexhausted claims: the claims relating to the allegedly false testimony of the State's witnesses, the claim for ineffective assistance of counsel as to witness credibility, and the claims related to his "innocence" and theory of self-defense (except as to the trial court's failure to give a jury instruction on self-defense). I therefore recommend that Anaya be granted **30 days** within which to withdraw his unexhausted claims by filing a **one-page document** certifying his desire to do so.

I caution Anaya that, should he choose to withdraw the unexhausted claims, he will likely lose the opportunity to present those unexhausted claims to a federal court at a later date. *See* 28 U.S.C. § 2244(b)(1); *Tapia v. Lemaster*, 172 F.3d 1193, 1195 (10th Cir. 1999) (petitioner who elects to proceed only on exhausted claims is deemed to have abandoned all unexhausted claims and those claims may not be re-brought in federal court unless the petitioner can meet the requirements for filing a successive petition). I further caution Anaya that if he declines to withdraw the unexhausted claims, this action will be dismissed in its entirety. The federal habeas one-year limitation period is still in effect as to all of his claims, even the exhausted claims. *See* § 2244(d). *See generally Salazar v. Lemaster*, 130 F. App'x 208, 210 (10th Cir. 2005) (dismissing a § 2254 petition as untimely under similar circumstances). And, by the

State's calculation, *see* [Doc. 19] at 7–8, that one-year period has already run. Assuming the State's calculation is correct, if this action is dismissed to allow Anaya to exhaust all his claims in state court, he will be time-barred from later bringing them in federal court.

**IT IS THEREFORE RECOMMENDED** that, if these proposed findings are adopted, Petitioner Arturo Anaya be permitted to file, within **30 days** of the District Judge's Order adopting these findings, a **one-page document** certifying that he has elected to withdraw his unexhausted claims.

**IT IS FURTHER RECOMMENDED** that, if these proposed findings are adopted and Petitioner Arturo Anaya fails to file a certificate of withdrawal of the unexhausted claims within 30 days of the District Judge's Order, the petition be dismissed.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.** *See* **D.N.M.LR-Civ. 10.1. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**