IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARTURO ANAYA,

    Petitioner,

v.                                                                     No. 16-cv-0331 MV/SMV

TIMOTHY HATCH and ATTORNEY GENERAL
OF THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Petitioner Arturo Anaya's "Motion to U.S. District Judge on Joint Negligence," filed on November 16, 2017. [Doc. 33]. Respondents filed a response on November 17, 2017. [Doc. 34]. Anaya did not file a reply. Having considered the briefing, the relevant portions of the record, and the law, the Court finds that the motion is not well-taken and will be DENIED.

## Background

Anaya, proceeding pro se, filed a petition pursuant to 28 U.S.C. § 2254 on April 22, 2016. [Doc. 1]. In his petition and in a number of additional supporting documents, he raised several grounds for relief pertaining to his conviction in state court.[1] He also filed two motions for a new trial. [Docs. 23, 25]. In his Proposed Findings and Recommended Disposition ("PF&RD"), filed on October 6, 2017, the Honorable Stephan M. Vidmar, United States Magistrate Judge, found that Anaya had asserted a mix of exhausted and unexhausted claims.

---

[1] A more specific recitation of Anaya's allegations can be found in the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 28] and the Order Adopting the PF&RD [Doc. 30].

[Doc. 28]. Having so found, Judge Vidmar weighed the alternatives for addressing mixed petitions, as set out by the Tenth Circuit—i.e., (1) dismiss the mixed petition in its entirety; (2) stay the petition while the petitioner exhausts the unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement and deny the petition on the merits, if none of the claims has any merit. *Id.* at 8–9 (citing *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009)). He recommended that Anaya be given the opportunity to withdraw his as-yet unexhausted claims to allow a decision on the merits as to the exhausted claims. *Id.* at 9–10. The PF&RD recommended that Anaya be given 30 days from entry of an order by the undersigned adopting the findings and recommendation to file a one-page document indicating whether he wished to withdraw his unexhausted claims. *Id.*

Anaya objected to the PF&RD on October 19, 2017. [Doc. 29]. In his objections, he asserted that the PF&RD failed to address his claim that the "newly discovered evidence" he disclosed—i.e., the allegedly falsified testimony of two witnesses—should "exonerate [him] from all conviction." *Id.* at 1. He argued that the PF&RD ignored the law he cited on intervening cause. *Id.* He suggested that Judge Vidmar's finding that his petition contained a mix of exhausted and unexhausted claims was "irrelevant" in light of the "newly discovered evidence." *Id.* Along with his objections, Anaya submitted a document indicating his election not to withdraw his unexhausted claims. *Id.* at 3.

On November 6, 2017, the Honorable Robert A. Junell, Senior United States District Judge, issued an order overruling the objections, adopting the PF&RD, denying the petition and

2

both motions for a new trial, and dismissing the case without prejudice. [Doc. 30]. On de novo review, Judge Junell found that Anaya's objections to the PF&RD were meritless. *Id.* at 10–11. He found that Judge Vidmar had not ignored Anaya's claims regarding the allegedly falsified testimony. *Id.* at 11. Rather, he found that Anaya had not exhausted them in state court, and it was therefore inappropriate to consider the claims on the merits. *Id.* Anaya's allegation that the claims involved "newly discovered evidence" did not allay the exhaustion requirement. *Id.* (citing cases). Judge Junell therefore adopted the finding in the PF&RD that Anaya had alleged a mix of exhausted and unexhausted claims and the recommendation that he be given the opportunity to withdraw the unexhausted claims. *Id.* at 12. He further found that Anaya had indicated, via a single-page document included with his objections to the PF&RD, his desire not to withdraw his unexhausted claims. *Id.* (citing [Doc. 29] at 3). Therefore, because Anaya had elected not to withdraw his unexhausted claims, his petition was dismissed in its entirety without prejudice for failure to exhaust. *Id.* Judge Junell likewise denied Anaya's two motions requesting a new trial. [Docs. 23, 25]. He denied a certificate of appealability [Doc. 31] and entered final judgment [Doc. 32].

Anaya subsequently filed the instant "Motion to the U.S. District Judge on Joint Negligence," which has been docketed as a motion to reconsider. [Doc. 33]. In it, he describes the theory of "joint negligence."[2] *Id.* at 1. He asserts that the "joint negligence" theory provides "more supporting evidence for a new trial [he] requested." *Id.* He maintains that the

---

[2] Describing the "joint negligence" theory, he writes: "In case of several people, proximately causing accident, they act together in concert [and] either do something together which they should not do or fail to do something which they are together obligated to do under circumstances." [Doc. 33] at 1.

3

Court said it "would not recommend rulings on [Anaya's motions for a new trial] at this time." *Id.* In response, Respondents simply ask the Court to deny the motion. [Doc. 34].

## Analysis

Anaya filed the instant motion ten days after final judgment was entered against him. Therefore, the Court will construe it as a motion for relief from judgment pursuant to Fed. R. Civ. P. 59(e).[3] Rule 59(e) provides that a district court may alter or amend a judgment on a motion filed within 28 days of entry of the judgment. The court may reconsider a final decision if the moving party shows "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The court "is vested

---

[3] The Court recognizes that, in the habeas context, a post-judgment motion may be considered a "second or successive" habeas petition, rather than a "true" Rule 59(e) or 60(b) motion. The distinction matters because a petitioner must obtain authorization from the Tenth Circuit Court of Appeals before a district court may hear his second or successive habeas petition. *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) (citing 28 U.S.C. § 2244). A Rule 59(e) motion is a "second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Id.* at 1215. Conversely, it is a "true" Rule 59(e) motion if it "challenge[s] only a procedural ruling of the habeas court which precluded a merits determination of the habeas application." *Id.* at 1215–16. In order for a habeas petition to be considered second or successive, "the previous motion must have been denied on the merits. The district court must have engaged in substantive review. *Haro-Arteaga v. United States*, 199 F.3d 1195, 1196 (10th Cir. 1999) (per curiam) (internal quotations omitted). A petitioner is not subject to the statutory restriction on "second or successive" petitions where, among other things, his previous petition was dismissed without prejudice for failure to exhaust state remedies. *Id.* (citing *McWilliams v. Colorado*, 121 F.3d 575, 575 (10th Cir. 1997)). In the present case, the Court dismissed Anaya's petition without prejudice for failure to exhaust. *See* [Doc. 33]. The Court did not engage in a substantive review of any of his claims. Therefore, the present motion is not a "second or successive" § 2254 petition. *See Wilson v. Hatch*, 15-cv-0989 WJ/LF, [Doc. 45] at 5–6 (D.N.M. June 27, 2017) (finding that petitioner's post-judgment motion was a "true" Rule 60(b) motion, and analyzing it on such terms, where petitioner had previously voluntarily withdrawn his petition, precluding adjudication on the merits).

4

with considerable discretion" in determining whether to grant or deny such a motion. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996). A Rule 59(e) motion is not intended to "allow a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier." *ACE USA v. Union Pac. R.R. Co.*, 2011 WL 6097138, at *1 (D. Kan. Dec. 7, 2011) (unpublished). "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Id.*

Granting a motion to alter or amend is an "extraordinary remedy" to be used "sparingly," in recognition of the interests in finality and the conservation of judicial resources. *Torre v. Federated Mut. Ins. Co.*, 906 F. Supp. 616, 619 (D. Colo. 1995); *cf. Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006) (discussing related standard under Rule 60(b)); *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007) ("Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." (internal quotations omitted)).

In the instant motion, Anaya refers to "joint negligence" and suggests that this principle provides "more supporting evidence" for the motions for a new trial that he filed, which he asserts the Court previously said it "would not recommend rulings on." [Doc. 33] at 1. As an initial matter, Anaya is mistaken in his apparent belief that the Court has not already disposed of the motions for a new trial. It is true that, in the PF&RD, Judge Vidmar noted that he would not recommend rulings on the two motions at that time. [Doc. 28] at 1 n.2. However, Judge Junell subsequently ruled on the motions in his order adopting the PF&RD. [Doc. 30] at 12 n.6, 13. He

denied the motions, having found that Anaya's petition warranted dismissal without prejudice for failure to exhaust. *Id.*

Moreover, to the extent that Anaya believes his new "supporting evidence" warrants reconsideration of the order dismissing his petition, he is mistaken. Anaya appears to be asserting an argument related to his self-defense claims. But his petition was denied and his case dismissed without prejudice for failure to exhaust, precluding any merits-based determination of his claims. Even liberally construed, his motion lacks any sound basis in the controlling facts or law of the case. Anaya does not show that he is entitled to the "extraordinary remedy" of post-judgment relief—he does not show a change in law, previously unavailable evidence, or any other error that would persuade the Court that it erred in denying his petition. His claims and motions for a new trial were properly denied, and his case was properly dismissed without prejudice for failure to exhaust.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Petitioner Arturo Anaya's "Motion to U.S. District Judge on Joint Negligence" [Doc. 33] is **DENIED**.

**IT IS SO ORDERED**.

_____
**MARTHA VÁZQUEZ**
**United States District Judge**