# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ARTURO ANAYA,

    Petitioner,

v.                                                                           No. 16-cv-0331 MV/SMV

TIMOTHY HATCH and ATTORNEY GENERAL
OF THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR LEAVE TO PROCEED IFP ON APPEAL

THIS MATTER is before the Court on Petitioner Arturo Anaya's Motion for Leave to Proceed *in Forma Pauperis* on Appeal [Doc. 52], filed on October 30, 2018. The motion fails to present a reasoned, non-frivolous argument for appeal and, thus, will be denied.

## Background

Petitioner, proceeding pro se, filed a petition pursuant to 28 U.S.C. § 2254 on April 22, 2016. [Doc. 1]. The magistrate judge found that the petition contained both exhausted and unexhausted claims. [Doc. 28] at 7–8. He gave Petitioner an opportunity either to withdraw the unexhausted claims or dismiss the entire action without prejudice (in order to allow Petitioner to take his unexhausted claims to state court). *Id.* at 8–9. Petitioner declined to withdraw his unexhausted claims, [Doc. 29] at 3, and on recommendation by the magistrate judge, the previous presiding judge dismissed the petition without prejudice, [Doc. 30] at 12. Final judgment was entered on November 6, 2017. [Doc. 32].

Petitioner filed his first post-judgment motion on November 16, 2017, asserting that his state-court conviction should be overturned because he acted in self-defense. [Doc. 33]. The Court denied the motion on February 23, 2018, because it failed to meet the Rule 59(e) standard for relief from judgment, and because it failed to address the reason his petition was denied in the first place, which was lack of exhaustion. [Doc. 36] at 4–6.

Petitioner filed his second and third post-judgment motions on July 31 and August 17, 2018. [Docs. 38, 41]. He continued to argue that his state conviction should be overturned because he acted in self-defense. *Id.* The Court denied those motions because they lacked any sound basis in the controlling facts or law of the case; his case had been properly dismissed without prejudice for failure to exhaust. [Doc. 43]. Petitioner then filed fourth and fifth post-judgment motions[1] [Docs. 45, 47] on August 29 and September 5, 2018, which the Court summarily denied on October 11, 2018, [Doc. 48].

Petitioner filed his notice of appeal on October 19, 2018. [Doc. 49]. He now moves for leave to proceed *in forma pauperis* on appeal. [Doc. 52].

### **Standard**

Rule 24 of the Federal Rules of Appellate Procedure states, in pertinent part:

> [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

---

[1] In the fourth post-judgment motion, Petitioner asked whether the magistrate judge would be issuing new recommendations. [Doc. 45]. In the fifth, he argued that his first post-judgment motion [Doc. 33] had been filed within ten days of entry of final judgment "[and] not 28 days." [Doc. 47].

> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

In determining whether to permit a party to proceed *in forma pauperis* on appeal, the Court must decide two questions: (1) whether the appeal is taken in good faith; and (2) whether the appellant has shown a financial inability to pay or give security for fees and costs. *See* Fed. R. App. P. 24(a)(1)(A). The burden is on the party seeking *in forma pauperis* status to show that he is raising reasoned and nonfrivolous issues on appeal and that he lacks the financial resources to pay or give security for the fees and costs of appeal. *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

With respect to the first question, under Rule 24(a), an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. Fed. R. App. P. 24(a)(3)(A). For purposes of Rule 24(a), a good faith appeal is one that presents a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben*, 937 F.2d at 505; *see Coppedge v. United States,* 369 U.S. 438, 445, 447 (1962). The Court concludes that Petitioner fails to raise any reasoned, nonfrivolous argument in support of his appeal. The appeal is not taken in good faith. The motion for leave to proceed *in forma pauperis* should be denied.

Because the appeal is not taken in good faith, the Court need not pass on Petitioner's financial ability or inability to pay or give security for fees or costs on appeal.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Petitioner Arturo Anaya's Motion for Leave to Proceed *in Forma Pauperis* on Appeal [Doc. 52] is **DENIED**.

**IT IS SO ORDERED**.

_____
**MARTHA VAZQUEZ
United States District Judge**